Zhang-Zhang v. Holder

BIA
A088 792 617

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> PETER W. HALL,
> > *Circuit Judges.*

_____

LAN ZHANG-ZHANG,
> *Petitioner,*

> v.                                   12-4098
>                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Lee Ratner, New York, New York

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Erica B. Miles,
                       Senior Litigation Counsel; Jesse D.
                       Lorenz, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lan Zhang-Zhang, a native and citizen of China, seeks review of a September 28, 2012, decision of the BIA denying her motion to reopen removal proceedings. *In re Lan Zhang-Zhang*, No. A088 792 617 (B.I.A. Sept. 28, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). The agency may properly deny a motion to reopen where the movant fails to establish a *prima facie* case for the underlying substantive relief sought. *See INS v. Abudu*, 485 U.S. 94, 104-05 (1988).

In this case, the BIA did not abuse its discretion in denying Zhang-Zhang's motion to reopen for failure to make out a *prima facie* case. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168 (2d Cir. 2008) (recognizing that an alien's "ability to secure reopening depends on a demonstration of *prima facie* eligibility for [relief], which means she must show a 'realistic chance' that she will be able to obtain

2

such relief") (citations omitted). Zhang-Zhang alleged that the Chinese authorities had renewed awareness of her practice of Falun Gong after her participation in a May 2012 demonstration in the United States, and in support of her motion to reopen, she submitted, as pertinent: letters from her sister and husband regarding her initial claim, a letter from her father stating that the authorities had come to his house looking for Zhang-Zhang, a statement from the petitioner, the 2007 Department of State Profile on China, and a village committee notice threatening arrest and punishment.

The BIA reasonably declined to consider the letters from Zhang-Zhang's sister and husband because they did not address the authorities' recent interest in her Falun Gong activities, and could have been proffered at the time of her hearing before the IJ. *See* 8 C.F.R. § 1003.2(c)(1) (providing that reopening "shall not be granted unless. . . . evidence. . . . was not available and could not have been discovered or presented at the former hearing. . . .").

Moreover, the BIA reasonably gave limited weight to Zhang-Zhang's affidavit and the letter from her father, as both documents were prepared by persons who are interested

3

parties and for purposes of litigation. *See Matter of H-L-H- & Z-Y-Z-*, 25 I&N Dec. 209, 214-215 (BIA 2010), *overruled in part on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

The BIA also did not abuse its discretion in giving limited weight to Zhang-Zhang's village committee notice, since it does not evince reliability. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315 (2d Cir. 2006) (noting the allocation of evidentiary weight is within the discretion of the IJ or BIA). The BIA gave limited weight to the notice because: (1) it was not authenticated pursuant to 8 C.F.R. § 1287.6 or in any other manner; (2) the author is not identified and the letter is unsigned; (3) the 2007 Department of State Profile suggests that documentation from Fujian Province is subject to widespread fabrication; and (4) the letter contains only generalized statements. Zhang-Zhang correctly argues that it is inappropriate for the BIA to discount the notice merely because it was not authenticated pursuant to 8 C.F.R. § 1287.6, particularly where she attempted to demonstrate its reliability by providing a chain of custody for the letter. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 149 (2d Cir. 2008) (stating that

the agency may not dismiss evidence "merely on an applicant's failure to authenticate it pursuant to [8 C.F.R. § 1287.6]" (internal quotations and citation omitted); *see also Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400 (2d Cir. 2005). However, as noted above, the BIA did not discount the notice solely for lack of authentication pursuant to the regulations. Because this document was unreliable and was the only independent evidence to support her claim, the agency similarly did not abuse its discretion by denying Zhang-Zhang's motion to reopen. *See Abudu*, 485 U.S. at 104-05.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5